UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETH PARMELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1910 (CEJ) |
| ) | |
| REGIONS BANK doing business as ) | |
| Regions Mortgage, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss, pursuant to Rule 12(b), Fed.R.Civ.P., for lack of jurisdiction and for failure to state a claim for relief. Plaintiff, who proceeds *pro se*, has not filed a response in opposition to the motion and the time allowed for doing so has elapsed.

Plaintiff brings this action against her former employer under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*. In her complaint, plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on September 1, 2008. She also states, however, that she did not receive a right-to-sue letter. Defendant asserts that plaintiff failed to exhaust her administrative remedies prior to filing suit and moves to dismiss the complaint for lack of jurisdiction and for failure to state a claim. See. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Defendant argues that receipt of a right-to-sue letter is jurisdictional and that plaintiff's failure to obtain one mandates dismissal of claim. The receipt of a right-to-sue letter is not a jurisdictional prerequisite to maintaining an employment action, but rather is a condition precedent. Hill v. John Chezik Imports, 869 F.2d 1122, 1123-24

(8th Cir. 1989). The failure to complete this exhaustion requirement before filing suit can be corrected after the action has commenced provided the plaintiff promptly takes measures to cure the defect. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988); see also Christopher v. Clean Country, Inc., 8:07CV273, 2007 WL 3203114, at *2 (D. Neb. Oct. 29, 2007) (giving plaintiff the opportunity to file amended complaint curing deficiencies).

Dismissal of the action for failure to exhaust administrative remedies is not appropriate at this time. Instead, the Court will give the plaintiff the opportunity to obtain and file a right-to-sue notice from the EEOC. Defendant will not be required to file an answer to the complaint until after the notice is filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #9] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 1, 2013**, to file a right-to-sue notice issued with respect to the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission on September 1, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.